IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE R. PERRY,

        Petitioner,               No. 2:11-cv-0169 KJN P

      vs.

NAPA STATE HOSPITAL,

        Respondent.           ORDER

_____/

        Petitioner, a civil detainee at Napa State Hospital, proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to California's Lanterman-Petris-Short Act ("LPS Act"). See Cal. Welf. & Inst. Code §§ 5000 et seq. Petitioner appears to be challenging the state's adherence to its own procedures in concluding that petitioner should be subject to a conservatorship. Id., §§ 5350 et seq. (setting forth purpose and procedures for establishing a conservatorship for a person found gravely disabled). Generally, alleged errors in the application of state law are not cognizable in federal habeas corpus. See e.g. Hubbart v. Knapp, 379 F.3d 773, 779-80 (9th Cir. 2004). Accordingly, a federal court may not entertain a petition for writ of habeas corpus brought by a person in custody pursuant to the judgment of a state court unless the petition asserts a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In addition, this court may not review the merits of a federal habeas petition unless

1

petitioner demonstrates that he has exhausted his claims by presenting them to the state's highest court.  See e.g. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

Before this court may screen the instant (or an amended) petition for writ of habeas corpus, petitioner must submit an application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915(a)(1) (authorizing in forma pauperis status to nonprisoners[1] without prepayment of fees), OR pay the required filing fee ($350), AND file a federal habeas petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner shall, within fourteen (14) days after the filing date of this order, submit a completed application to proceed in forma pauperis OR pay the full filing fee ($350);

2. Petitioner shall also, within fourteen (14) days after the filing date of this order, submit a completed federal petition for writ of habeas corpus;

3. The Clerk of Court is directed to send petitioner, with service of this order, the following forms:  (1) a blank form entitled "Application to Proceed without Prepayment of Fees and Affidavit" (as used by nonprisoners); and (2) a blank form for the purpose of filing a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254;

4. Failure of petitioner to comply with this order shall result in the dismissal of this action.

SO ORDERED.

DATED:  January 28, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

perr0169.srcn.civ.cmt

---

[1] A civilly committed detainee in a state hospital is not subject to the financial reporting requirements of the Prison Litigation Reform Act, but rather the requirements for nonincarcerated persons.  See Page v. Torrey, 201 F.3d 1136 (9th Cir. 2000).